## MRS. V. C. OWENS v. CAGE & CROW ET AL.

### No. 1780. Decided January 22, 1908.

**1.—Question of Fact—Judgment—Parties—Appearance—Pleading.**

In a suit against O. for the foreclosure of a lien, the answer, which showed that it was separate property of his wife, was filed for him, but the prayer for relief asked that it "be heard in his and his wife's behalf," and it was signed by counsel as "Atty. for O. and wife." Such answer, though irregular, was sufficient, if authorized by her, to make her a party and conclude her by the judgment; and the evidence as to whether she authorized it and defended the case in person and by counsel being conflicting, it was error for the court, in an action by her to enjoin the foreclosure sale, to charge that she was not bound by the judgment. (P. 289.)

**2.—Judgment—Jurisdiction of Person—Remedies.**

One against whom judgment was rendered in a proceeding in which she was not sued and had not made herself a party was not required, though obtaining timely knowledge of the judgment, to move for a new trial or prosecute appeal, but could enjoin its attempted enforcement against her. Hamblin v. Knight, 81 Texas, 351, distinguished. (Pp. 289, 290.)

**3.—Notice of Appeal—Impeaching Record—Waiver.**

An appeal will not be dismissed on affidavits impeaching the record showing notice thereof given in open court, after the appellee has permitted the cause to be submitted, and decided without raising the objection. It is questioned whether it be permissible at all except by correcting the record in the trial court. (P. 290.)

Error to the Court of Civil Appeals, for the Second District, in an appeal from Erath County.

Mrs. Owens sued Cage & Crow and others and had judgment. Defendants appealed and obtained a reversal and remand, upon which appellee procured writ of error.

*Riddle & Keith,* for plaintiff in error.—The court did not err in instructing the jury that Mrs. V. C. Owens was not a party to the suit of Cage & Crow v. R. T. Owens, and that the judgment in said clause, in so far as it undertook to bind her, was void. Sayles Texas Civil Statutes, arts. 1191, 1212, 1214, 1218, 1240, 1241, 1242 and 1245; Wells v. Ames Iron Works, 3 Texas App. Civ Cases, sec. 297; Philipowski v. Spencer, 63 Texas, 604; Penn v. Case, 81 S. W. Rep., 352; 1 Black, Judg. secs. 219-20; 2 Id., 732; 13 Cyc., 762; Black's Law Dictionary, definition of the word "defendant" p. 345; Id., Definition of "Party," 875, 3rd par.

The "filing of an answer" as that expression is used in Art. 1242, Sayles' Civil Statutes, has no application to one who is not named in the petition by which a civil suit is brought, and against whom no relief is requested of the court, and for whom no citation is requested and none issued or served, and in which suit such an one has not intervened. Same authorities.

No one can, under our statutes, be a party defendant to any suit (intervention excepted) unless he has been previously named as such defendant by the written pleadings of some adverse party to the suit; and "the filing of an answer" does not ipso facto make

the filer tnereof a party to the suit, but only constitutes "an appearance" by him who has already theretofore been made a party defendant by the written pleading of some adverse party to the suit, filed in court. And the same is true of a "defendant" who in person, or by attorney or agent enters an appearance in open court, the effect in either case being merely to dispense with citation to him who is already a party defendant, but not served. Sayles' Civil Statutes, arts. 1181, 1182, 1183, 1262; Bell v. Vanzandt, 54 Texas, 150; Dunlap v. Southerlin, 63 Texas, 38. Also authorities ante.

The court did not err in the charge complained of. Berry v. House, 21 S. W. Rep., 711. And as persuasive see Mays v. McElroy, 81 S. W. Rep., 344.

The issue of whether or not appellee was a party defendant to cause No. 2736 was one that could only be settled by matters of record and of pleading in writing, and was a question exclusively for the court and not the jury. The "answer" filed was the only thing relied on by appellants to show that she was a party, and that document was in evidence before the court, and the court properly held in the first part of his charge that this was not sufficient to make her a party.

Oral testimony is not admissible to prove that one was a party to a suit, our statutes having prescribed written methods by which such one shall be made a party to a suit, unless such written evidence is lost or destroyed.

In support of the motion to dismiss the appeal the following authorities are respectfully submitted: Rule 10 for the Courts of Civil Appeals; art. 998 Sayles' Civ. Stats., 1897; Bradford v. Knowles, 11 Texas Civ. App., 572; Western U. Tel. Co. v. Christensen, 78 S. W. Rep., 744; San Antonio & A. P. Ry. v. McDonald, 31 S. W. Rep., 72; Logan v. Gay, 99 Texas, 603; Western U. Tel. Co. v. O'Keefe, 87 Texas, 426; Burr v. Lewis, 6 Texas, 76; El Paso & N. E. R. Co. v. Whatley, 99 Texas, 128; 7 Current Law, 1001 (32); 5 Current Law, 871, sec. 3; Const. art. 5, sec. 1; Rev. Stats. art. 1071, 112⁺ 1387; Whitner v. Belknap, 34 S. W. Rep., 594.

*Fred Chandler, Marshall Ferguson* and *Theodore Mack,* for defendants in error.—It is respectfully suggested that this court is without jurisdiction to grant a writ of error herein for the reason that the judgment of reversal in the Appellate Court was had because of the exclusion of certain testimony, in part at least. And there being no findings of fact by the Appellate Court it seems inconceivable how a judgment of affirmance of the judgment in the trial court can be entered in this court. Rev. Stats. art. 941; International & G. N. Ry. v. Coolidge, 95 Texas, 94; Rotan Grocery v. Martin, 95 Texas, 438; Harvey v. Sutton, 94 Texas, 80; Smith v. Houston & T. C. Ry., 90 Texas, 123; Ide v. Electric Belt Line, 90 Texas, 509; Douglass v. Blount, 93 Texas, 501; Kellett v. Kellett, 94 Texas, 208.

That Mrs. Owens was a party to the suit seems clear from the following authorities. Hartford Fire Ins. Co. v. King, 73 S. W. Rep., 73; Haney v. Brown, 46 S. W. Rep., 57; Hodde v. Susan, 58 Texas, 393; Words & Phrases, Vol. 6, page 5203.

The proper test to be applied in this case, in our judgment is this: Was the judgment as to Mrs. Owens in the main suit, void or voidable? If voidable then certainly her remedy was by appeal or writ of error. In addition to the authority cited in the opinion of the Appellate Court we beg to refer to Sherman Steam Laundry v. Carter, 24 Texas Civ. App., 533, in which writ of error was refused and Rowlett v. Williamson, 18 Texas Civ. App., 29.

The evidence on the trial of this case showed, or tended to show, that the plaintiff, Mrs. V. C. Owens, was a party to said cause No. 2736, and this issue should have been submitted to the jury.

Mr. Justice Williams delivered the opinion of the court.

This writ of error was granted upon the allegation in the application that the judgment of the Court of Civil Appeals reversing the judgment of the District Court and remanding the cause for a new trial practically settled the controversy. The action was brought by Mrs. Owens to enjoin a sale of land, alleged to be her separate property and the homestead of herself and her husband, R. T. Owens under a judgment of the District Court of Erath County against R. T. Owens for money and foreclosing a vendor's lien on the land as against both him and his wife. Mrs. Owens based the present action to enjoin the sale and to vacate the former judgment upon allegations that she had never been made a party to the former suit and had never appeared nor authorized any one to enter an appearance for her therein. She also set up facts sufficient, if true, to show that the land was not subject to the lien which had been adjudged against her.

It appeared upon the trial of the present case, from the record of the former suit, that Cage & Crow sued R. T. Owens, alone, to recover upon promissory notes alleged to have been given by him for the purchase money of the land; that an answer was filed, beginning—"Now comes the defendant, R. T. Owens," and setting up some of the facts now relied on by Mrs. Owens to defeat the alleged lien. In this answer it was alleged that the land in question had formerly belonged to Mrs. Owens as her separate property; that, under duress, Owens and wife executed a deed, apparently conveying to one Edwards, absolutely, but on an agreement that Edwards was to hold it only as security for an indebtedness of Owens to other persons, which Edwards, as their agent, was endeavoring to collect or secure; that in violation of his agreement Edwards had executed a deed for the land to one Oxford who conveyed it to Owens taking the notes sued on ostensibly for the purchase money. The answer set up these facts as a defense against the notes and the alleged lien and asked that the prayer for relief "be heard in his and his wife's behalf." It was signed by the attorney as "Atty. for R. T. Owens and wife."

The judgment recited the appearance of the plaintiffs and of the defendants, R. T. Owens and his wife, V. C. Owens, a trial by jury and a verdict against Owens for the amount of the notes and against him and Mrs. Owens for the foreclosure, and adjudged the debt against Owens and the foreclosure against both him and Mrs. Owens.

In addition to these facts, appearing from the record of the former suit, in the trial of the present action, evidence was introduced tending to show that Mrs. Owens actually appeared and participated as a defendant in the former trial and was represented therein by counsel. As to this there was a conflict of evidence. We think the Court of Civil Appeals correctly held that the trial court erred in instructing the jury, as a matter of law, that Mrs. Owens was not a party to the former action and that the judgment against her was void.

The answer which we have stated, if authorized by her, was sufficient, although very informal and defective in this respect, to make her a party. The judgment shows that it was so held and treated by the court which tried that case. Had verdict and judgment gone for her, upon that record, we think there can be no doubt that it would have concluded the plaintiffs therein in her favor; and if that record were all, we think it equally clear that it would conclude her, not only as to the defenses set up, but as to all that might have been set-up against the alleged lien. It is nevertheless permissible for her, in this action, to show that she did not authorize the filing of the answer, and did not become a party to that litigation. If she can show this and establish her defense against the lien set up by Cage & Crow upon her homestead and separate property she will be entitled to equitable relief.

The Court of Civil Appeals also held that, although it should be found that she never appeared and answered or authorized any one to appear and answer for her, she yet would not be entitled to have the decree against her vacated if she knew of its existence in time to have moved for a new trial, or to appeal, and if those steps would have availed her. It is this part of the decision which is alleged in the application for writ of error to have practically settled the case, should it be allowed to stand, and to give this court jurisdiction, although the cause was remanded. It is conceded that Mrs. Owens did know of the judgment in time to have moved for a new trial and to have appealed and that she did neither. If the cause should go back for trial under the opinion of the Court of Civil Appeals, the trial court would be bound to render judgment against Mrs. Owens for this reason; and we conlcude that it is true that the decision practically settles the case against her.

We are not prepared to assent to this view of the law as expressed in the opinion under review. The farthest this court has gone in that direction is in the case of Hamblin v. Knight, 81 Texas, 351. In that case a defendant, regularly sued and against whom a judgment had been rendered upon a return of the sheriff showing regular service of citation upon him and upon an answer filed for him, sought an injunction against such judgment during the term at which it was rendered, for the reasons that no service, in fact, had been made upon him and that the answer was unauthorized. It was held that an adequate remedy by motion for new trial existed and that, hence, the remedy by injunction could not be resorted to. This holding is well supported by authority (23

Cyc., 981, et seq., and cases cited); but we think there is a substantial difference between that case and this. There the plaintiff, by suing the defendant, had entitled himself to proceed against him, and the defendant was, by that fact, entitled, as a party, to move for a new trial as a matter of course. Although he had neither been served nor appeared he was a party to the cause. In the present case Mrs. Owens was not sued. She only became a party if she voluntarily made, or authorized some one else to make her, one. Her position is that she did neither and was therefore never properly brought into the case as defendant. Only parties to a suit are required or ordinarily permitted to move for new trials, and this condition could be imposed upon her only upon the theory that she was properly in the case. The court, it is true, treated her as a party and rendered judgment against her as such, and would, doubtless, have given due consideration to any motion she might have presented, but to deny her any relief because she made no such motion would be in effect to hold that she must have abandoned her position and have become a party against her will. Had she moved for a new trial she would have become subject to all further proceedings in the case. We think she was not required to do this as a condition upon which to ask relief against a judgment rendered against her in a cause in which she had in no lawful way been made a party, if that be the fact. While the Court of Civil Appeals properly held that the charge of the trial court was erroneous, the opinion went too far, we think, in the further holding just discussed.

This cause was submitted in the Court of Civil Appeals, without objection, upon a transcript of the record which contained the usual order purporting to have been entered by the District Court of Erath County overruling a motion for new trial and reciting the giving of notice of appeal in open court. After the decision by the Court of Civil Appeals, the appellee, for the first time in her motion for rehearing, sought to have the appeal dismissed upon affidavits showing that the notice of appeal was not given in open court, but that the order overruling the motion for new trial containing the recital of notice was made by the special judge, who tried the cause, in Knox County, after he had left Erath County. The refusal of the Court of Civil Appeals to grant the rehearing and dismiss the appeal is made one of the grounds for the writ of error. None of the authorities relied on are exactly applicable. The jurisdiction of the Court of Civil Appeals over the appeal was fully shown by the record and the effort here is to oust that jurisdiction by contradicting that record after the court, upon the invitation of both parties, had decided the cause. Whether it would have been proper for the Court of Civil Appeals, in order to determine its jurisdiction, to have made inquiry into the truth of the recitals in the minutes of the District Court, or to have required the parties to go into that court to correct those minutes, had the question been raised in time, we need not decide. The record showing jurisdiction, it was too late for the appellee to question it after the decision had been rendered.

Holding, as we do, that the Court of Civil Appeals properly reversed the judgment and remanded the cause for a new trial, we simply modify its opinion, as above indicated, in that part which would otherwise have the effect of practically settling the cause.

*Reversed and remanded.*