KIMMELL v. EDWARDS et al. (No. 950.)

(Court of Civil Appeals of Texas. El Paso.
April 10, 1919. Rehearing Denied
May 1, 1919.)

1. APPEAL AND ERROR ⊕⟹1097(1) — SUBSE-
QUENT APPEAL—LAW OF CASE.

Upon the second or other appeal, the ruling
made upon first appeal will be deemed the law
of the case upon all subsequent proceedings.

2. JUDGMENT ⊕⟹407(5)—DEFAULT JUDGMENT
—EQUITABLE RELIEF—DEFECTIVE SERVICE—
FAILURE TO MOVE TO SET ASIDE DURING
TERM TIME.

Default judgment will not be set aside up-
on ground of insufficient service, in action
brought after the term at which it was render-
ed, where defendant had such notice of the
judgment entry that he could have moved to
set the judgment aside at the term at which
it was rendered.

Appeal from District Court, Taylor Coun-
ty; Joe Burkett, Judge.

Action by John C. Kimmell, Jr., against E.
D. Edwards and others. Judgment for de-
fendants, and plaintiff appeals. Affirmed.

See, also, 193 S. W. 363; 194 S. W. 168.

Cunningham & Oliver, of Abilene, for ap-
pellant.

J. M. Wagstaff, of Abilene, for appellees.

HARPER, C. J. Appellant brought this
suit to set aside a judgment by default
against him, in favor of appellee, and to en-
join its execution upon the ground that he
was not served with proper citation, in that
he was a nonresident of the county in which
the suit was filed, and that no copy of plain-
tiff's petition was served upon him, as provid-
ed by statute in such cases, and that for that
reason the judgment is void.

The defense pleaded is that a citation was
served, and that by virtue thereof plaintiff
had due notice of the fact that such suit was
pending, * * * and of the judgment ren-
dered, * * * and with such knowledge
he made no motion to set it aside during the
term at which it was rendered, and failed to
appeal, therefore he cannot now be heard to
complain, etc.

The cause was tried with a jury, submitted
upon special issues, and upon the verdict
rendered judgment was entered for defend-
ant, from which this appeal.

The jury found that the appellant was
served with a copy of the citation but was
not served with a certified copy of plaintiff's
petition; that he could have discovered by
the exercise of ordinary diligence the fact of
the rendition of the judgment in time to file
a motion for new trial before the adjourn-
ment of the term of court at which it was
rendered; and that the copy of the citation
served was sufficient to put a reasonably
prudent person, similarly situated, upon no-
tice that a judgment would likely be rendered
against him by default, in the absence of his
appearance.

Appellant urges: First, that the court
erred in not rendering judgment for him up-
on the first finding, upon the proposition that
because no certified copy of the petition was
served upon him the court acquired no juris-
diction over his person, without which the
court had no jurisdiction to render the judg-
ment entered, such judgment was for that
reason void; Second, it is urged that the
court erred in submitting the second ques-
tion, i. e. that he had such notice of the
judgment as to require him to move to set
the judgment aside at the term at which it
was rendered.

[1] It is apparent that the trial court sub-
mitted the case upon the theory that under
the pleadings and evidence the appellee Ed-
wards had two distinct defenses to the cause
of action alleged. In so doing the court fol-
lowed the holdings of the Court of Civil Ap-
peals of the Second District upon a former
appeal of this case. Kimmell v. Edwards, 193
S. W. 363, and 194 S. W. 168. The rule is
that upon the second or other appeal the rul-
ing made upon the first appeal will be deemed
the law of the case upon all subsequent pro-
ceedings. M., K. & T. Ry. Co. v. Redus, 55
Tex. Civ. App. 205, 118 S. W. 208. Appellee
has invoked this rule, and we conclude that
this appeal presents a proper case for its ap-
plication.

[2] The jury having found that the appel-
lant had such notice of the judgment entry as
to require him to take the steps indicated to
have it set aside during the term at which it
was rendered, and having concluded that
there is evidence to support the finding, we
are of the opinion that the court did not err
in submitting the question and entering its
judgment upon the verdict of the jury for
appellee.

There are other assignments urged by ap-
pellant, but we think all are dependent upon
the holdings above, so it is not necessary to
specifically pass upon them.

Believing that there is no reversible error,
the cause is affirmed.

⊕⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes