## MOORE v. MOORE. (No. 37.)

(Court of Civil Appeals of Texas. Waco. Jan. 31, 1924. Rehearing Denied Feb. 28, 1924.)

**1. Judgment ☞443(3)—Proof necessary to support suit to set aside judgment because fraudulently procured stated.**

For representations, alleged to have induced plaintiff to refrain from contesting a suit, to amount to actionable fraud sufficient to support an equitable action to set aside a judgment after adjournment of the term, plaintiff must show affirmatively that such representations were made as to existing facts; that they were false; that he was ignorant of their falsity and believed and relied on them; that, by reason of such belief and reliance and not wholly or partly because of his own negligence, he failed to appear and contest the suit; and that he did not discover the deception until too late to move for a new trial during the term.

**2. Fraud ☞11(1)—Ordinarily statements as to matters not susceptible of personal knowledge only opinion.**

Statements as to matters not susceptible of personal knowledge are generally regarded as mere expressions of opinion, though made positively.

**3. Judgment ☞443(2)—Attorney's statement held mere opinion, not authorizing vacation of judgment because fraudulently procured.**

A statement of plaintiff's counsel, that there was no question but that plaintiff could go into court and recover judgment on the facts, *held* a mere expression of opinion, which could not be made the basis of a charge of fraud as a ground for suit for setting aside a default judgment for plaintiff; not being a matter susceptible of personal knowledge.

**4. Judgment ☞461(5)—Belief in, or reliance on, representations alleged fraudulent and to have induced default judgment held not shown.**

In a suit to set aside a default judgment for fraudulent representations by plaintiff's attorney, alleged to have induced such default, that defendant had no interest in the property involved, and that plaintiff could go into court and have judgment for absolute title thereto, evidence *held* to show conclusively that defendant did not believe, and was not misled by, such assertions.

**5. Trial ☞139(1)—Issue supported by any evidence should be submitted to jury.**

If there is any evidence tending to support an issue, it should be submitted to the jury, and it is error to instruct a verdict.

**6. Judgment ☞407(6)—Condition precedent to suit to set aside judgment, on ground that plaintiff was deprived of counsel, stated.**

It is not sufficient to sustain an action to set aside a judgment that plaintiff, without fault or negligence, was deprived of counsel at the trial of the case resulting in the judgment, but he must, among other things show a sufficient excuse for not filing a motion for new trial at the term at which the judgment was rendered, and in the absence of such showing the extent of his diligence before trial is immaterial.

**7. Appeal and error ☞1052(8)—Error in admitting evidence not material, where appellant not entitled in any case to favorable decision.**

Where plaintiff showed no sufficient ground for setting aside a judgment awarding title to certain property to defendant, the court did not err in instructing a verdict for defendant, and errors in admission of evidence of title in her independently of her rights under the judgment became immaterial.

**8. Trial ☞140(2)—Widow's claim to property as separate estate held for jury, where supported solely by her own testimony.**

Where a widow's claim that the proceeds of a farm, sold by her and her deceased husband, belonged to her separate estate, was supported solely by her own testimony, the court erred in giving a peremptory instruction

in her favor; her credibility as an interested witness and the weight of her testimony being for the jury.

**9. Appeal and error ⬤⟹544(1)—Erroneous admission of testimony not available in absence of bill of exceptions.**

Admission of a widow's testimony as to statements by and transactions with her deceased husband, in support of her claim to the proceeds of a farm, sold by them, as her separate estate, need not be considered, in the absence of a bill of exceptions complaining of the admission thereof with reference to such issue.

**10. Witnesses ⬤⟹139(11)—Limitations with respect to testifying to transactions with decedents should be enforced against widow claiming property as separate estate.**

In a suit by the heir of defendant's deceased husband, to set aside a judgment awarding the title to certain property to defendant as her separate estate, the limitations imposed on defendant by Rev. St. art. 3690, with respect to testimony as to statements by, and transactions with, deceased should be observed.

**11. Wills ⬤⟹565(1)—Life estate given to testator's widow held to include his separate estate as well as community property.**

Under a will clearly devising all of testator's property to his widow for her life, she acquired a life estate in a violin belonging to him when he married her, notwithstanding a declaration, immediately preceding the granting clause, that all the property devised was community property.

**12. Appeal and error ⬤⟹1172(1)—Judgment affirmed in part and reversed in part, where several controversies could have been litigated in separate suits.**

Where controversies, some of which are correctly and some incorrectly disposed of, could have been asserted and litigated in separate suits, it is the appellate court's duty to affirm the judgment in part and reverse and remand in part.

Appeal from District Court, Coryell County; J. R. McClellan, Judge.

Suit by Almer L. Moore against Mrs. Ola Moore. Judgment for defendant, and plaintiff appeals. Affirmed in part, and reversed and remanded in part.

V. L. Garnett and Smith & Woodruff, all of Comanche, for appellant.

H. C. Stinnett and McClellan & Cross, all of Gatesville, for appellee.

GALLAGHER, C. J. Almer L. Moore, appellant herein, brought this suit against Mrs. Ola Moore, appellee herein, to set aside a certain judgment in her favor against him, in which judgment she recovered title and possession of block 19 in the city of Gatesville. He also sued in trespass to try title to recover an undivided half interest in said tract of land and an undivided half interest in certain money and notes alleged to be the proceeds of the sale of a certain farm. He alleged that all said property belonged to the community estate of appellee and her deceased husband, John A. Moore; that he was the only child of said John A. Moore, and as such inherited his undivided half interest in said property, subject to a life estate therein devised to appellee by said John A. Moore; that appellee had taken possession of all said property and was fraudulently claiming the same as her own in fee simple. He also alleged that said John A. Moore owned at his death other property, the nature and description of which was unknown to him at the time, and that the same was in the possession of appellee, and he sued therefor.

Appellee answered by plea of not guilty and by a special denial that her deceased husband, at the time of his death, owned any interest, community or otherwise, in the property sued for. She alleged affirmatively that such property and all the same at and prior to his death belonged to her in her own right and as her separate estate. While her answer showed that all said property was acquired during the existence of the marriage relation between her and her deceased husband, she pleaded in detail the facts and circumstances on which she based her claim of separate ownership. The pleadings are voluminous, and we do not attempt to here state the contents of the same, further than to disclose the general nature and character of this suit.

There was a trial before a jury, an instructed verdict for appellee, and judgment in her favor, except that a certain violin was adjudged to appellant at her death. Appellant has brought the case to this court for review.

The issues involved in this suit with reference to block 19, occupied by appellee and her deceased husband as a home, with reference to the money and notes constituting the proceeds of the sale of the farm, and with reference to the violin, are essentially different, and we will consider them in the order named.

Appellant is the son of John A. Moore by a former wife. He had not lived with his father since childhood. He had not seen his father since he was 14 years old and had not had a letter from him since 1903. He was about 45 years old at the time of the trial of this case. John A. Moore married appellee in 1892, and they lived together as husband and wife until his death, which occurred December 3, 1919. They had only one child, whose name was Willie Ray Moore. John A. Moore, on the 8th of June, 1913, executed a will in which he declared that the entire interest he owned in the property was a community interest with appellee, and in which he devised all his property to appellee

for life, with remainder at her death to his said son, Willie Ray· Moore, in fee simple. Willie Ray Moore died on July 26, 1913, some six years before the testator, but it appears that the will remained unchanged. Said will was probated, and appellee qualified as independent executrix thereof September 11, 1922.

The home place was deeded to J. A. Moore by warranty deed dated July 6, 1908, for a recited consideration of $1,000 cash and $2,250 in vendor's lien notes. These notes were released on October 11, 1912, by one Graves, to whom they had been assigned, and J. A. Moore was grantee in such release.

Appellee claimed that said home place was purchased with the proceeds of her separate property, and with funds in which her husband at and prior to such investment therein had relinquished his community interest to her, and that the same was her separate property. Appellee, on or about March, 1921, was negotiating for the sale of said home place, and the prospective purchaser demanded a quitclaim deed from appellant. She succeeded in locating him and had a friend, who was also an attorney, write to him, inclosing a quitclaim deed with the request that he sign and return the same. This he declined to do. Appellee, on the 26th of May, 1921, instituted suit against appellant in the district court of Coryell county at Gatesville in trespass to try title to recover said tract of land. Notice, the regularity of which is not questioned, was immediately issued by the clerk of said court, directed to appellant as a nonresident defendant, and duly served on him in Indianapolis, Ind., on the 31st day of May, 1921. Such notice required him to appear in said court and answer appellee's petition on the 11th day of July, 1921. Appellant made some effort to secure counsel and to have an appearance entered and to have the claims asserted by appellee contested. Such efforts were not successful. The 11th day of July, 1921, the return day in said notice, was the day fixed by law for the opening of a regular term of said court, which term was permitted by law to continue for seven weeks. On the second day of said term, no one having appeared for appellant, the defendant in said cause, the court heard the case, and after such hearing rendered· judgment in favor of appellee against appellant, adjudging said tract of land to have been her sole and separate property at the date of the death of her said husband, and ordering, adjudging, and decreeing that she recover the same of appellant, and divesting out of appellant all right, title, and interest thereto, and vesting the same in her. This judgment was duly entered on the minutes of the court. Appellant made no attempt to have it set aside during the term of court at which it was rendered. The record does not disclose the date of the filing of this suit.

Appellant alleged, as ground for setting aside said judgment, that appellee's attorney wrote to him that he had no interest in said property, and that appellee could go into court and have judgment in her favor on the facts for absolute title thereto, that he believed such statement, and so believing did not see any reason for employing an attorney to represent him on the trial of said cause.

The evidence shows that Judge Arnold acted for appellee, first as a neighbor and friend, and afterward as attorney, in the matter of attempting to secure said quitclaim deed, and in filing suit and securing the judgment under consideration.

Judge Arnold's first letter was dated May 12, 1921, and inclosed the quitclaim deed and requested appellant to sign the same. Said letter, so far as material to this issue, is as follows:

"At the time of Mr. Moore's death they owned and lived upon as a homestead block No. 19 in Gatesville, Texas, which was their homestead, and upon which the survivor, Mrs. Ola Moore, still resides as a homestead. Under the laws of Texas, you doubtless know that the survivor of a marriage by a man and wife is entitled to live upon and enjoy the homestead for the rest of her natural life. In this instance, however, I feel free to say to you that it was Mr. J. A. Moore's intention for his wife, Mrs. Ola Moore, to have the whole of this property upon his death and for her to have the use and benefit of it thereafter. · In fact, there is no question but what she could go into the court and have judgment rendered in her favor on the facts as they exist for the title to this property absolutely and at all events. Feeling that you would feel about this property as I do, and that this deserving widow woman should not be disturbed nor distressed about her title and possession, I have prepared a quitclaim deed to said property which I inclose to you, and will ask you to kindly sign the same and acknowledge it before some notary public in the county and the city of your residence."

Appellant replied to this letter, declining to sign the deed, and expressing in substance his willingness to let the law, decide their respective rights in said property. On May 26, 1921, the same day he filed said suit, Judge Arnold wrote another letter to appellant, which letter is as follows:

"I am in receipt of your recent letter and confirming my advice to you in former letter I am today filing suit for Mrs. Ola Moore to have her homestead set apart to her. This piece of, property, block No. 19 in Gatesville, Texas, is all the property that was owned by she and her husband at the date of his death. I am sorry you did not sign quitclaim deed as requested in my former letter. In view of your failure to do so, nothing is left but to have it adjudged to her under the law. Mrs. Moore used to keep boarders and in that way, together with some property that came to her from her father and mother, she paid for this homestead. Again, Mr. Moore gave her her earnings in the hotel and boarding house business and this she

put into her home that is her place of residence at this time. Your brother, Willie Ray Moore, died several years ago leaving Mrs. Moore a lone widow, to fight life's battles from this time on without the aid of either a husband or a son. I hope yet that you will conclude to save her the trouble and expense of having the court adjudge this property to her as the result of a trial and that you will execute and return to her or to me the quitclaim deed which I sent you. My interest in this matter is because I am a neighbor to this worthy widow woman and am exerting myself to see that she gets her legal rights only. If there is any further information I can furnish you, I shall be glad to do so on your request therefor. I believe I told you before that the homestead property was the only thing in the shape of land which she now owns."

Appellant's testimony is too voluminous to set out in full, but we have selected certain excerpts therefrom which we think fairly express the effect the contents of said letters had on his mind. Said testimony is as follows:

"When I received those letters, I supposed they had a little home, and I supposed I did not have anything until she passed away. I supposed they were trying to pull something over on me, and I would let it go as the law of Texas was such, and have nothing to do with it; that is, when they sent the quitclaim deed. I did not have any representation on the trial of the case. I could not get any. * * * It looked suspicious. I thought they were trying to put something by me. I was seeing they did not put that by me, and I have seen to it since then. * * * After I got that letter I believed that my stepmother, Mrs. Ola Moore, would be entitled to hold the property for her life, and then I would have an interest in it, and I have believed that continuously and have never believed anything else."

In reply to a question as to whether he understood that if he signed that deed he would have conveyed away any right that he might have to share in the property after her death, he answered:

"Absolutely, and I wasn't willing to do that. I believed that I had an interest in it, and I wanted it. I have believed that at all times since this matter was brought to my attention."

Appellant further testified that he had an uncle and aunt living in Gatesville, and that he had a letter from his aunt before he received the Arnold letters, but the contents of this letter were not shown. He further testified that he consulted one Henderson, a lawyer in Indianapolis, who undertook to secure counsel to represent him in said case, and that he expected him to do so, that Henderson, after several efforts, failed to secure counsel and then took sick, and that he wrote a friend or relative in Kentucky to secure counsel for him, but it was then too late to do so. No reason for not trying to secure counsel through his relatives at Gatesville was shown.

[1] In order for the representations complained of by appellant to amount to actionable fraud sufficient to support this equitable action to set aside said judgment after the adjournment of the term at which it was rendered, he must show affirmatively that such representations were made as to existing facts, that they were false, that he was ignorant of such falsity and believed and relied on them, and that by reason of such belief and reliance he failed to appear and contest such suit, and that he did not discover that he had been deceived until too late to move for a new trial during the term at which such judgment was rendered. He must further show that his failure to appear and contest such suit was not the result in whole or in part of his own negligence. 26 C. J. p. 1062, § 6; Merrill v. Roberts, 78 Tex. 28, 30, 14 S. W. 254; Weaver v. Vandervanter, 84 Tex. 691, 693, 19 S. W. 889; Bryorly v. Clark, 48 Tex. 345, 352. We have set out in full the statements applicable to this issue as made in Judge Arnold's letters. Construed together, they showed that Mrs. Moore was claiming that the property in controversy was paid for in part by the proceeds of her separate estate, and in part by money earned by her by keeping boarders while running a hotel and boarding house, and that her deceased husband had given her his interest as a member of the community in and to such earnings, and that there was no doubt in the mind of the writer that she could recover the property on the facts in a suit in court. So far as her claim to separate ownership of the consideration paid for said property is concerned, she pleaded the circumstances in detail in this case and sustained her pleadings with her testimony at the trial. It is true most of such testimony was admitted over the objection of the appellant, and some of it improperly admitted, as will be shown in another part of this opinion. Still, appellant did not introduce any evidence to the contrary, and there is no material contradiction of her testimony. So far as said representations are concerned, the record utterly fails to show that they were false.

[2, 3] We do not think Judge Arnold's statement, that there was no question but what appellee could go into court and recover a judgment on the facts, can be considered as anything more than the expression of an opinion. Statements with reference to matters not susceptible of personal knowledge though made positively, are generally to be regarded as mere expressions of opinion. We do not think that an assertion as to the result of a lawsuit which has not even been brought at the time is a matter susceptible of personal knowledge. Neither do we think that the expression of such an opinion can be made the basis of a charge of fraud. 12 R. C. L. p. 247, § 15; Hawkins v. Wells, 17 Tex. Civ. App. 360, 43 S. W. 816, 818 (writ refused); Spead v. Tomlinson, 73 N. H. 46,

59 Atl. 376, 68 L. R. A. 432, 439; 35 L. R. A. p. 439, note.

[4, 5] Appellant's evidence on the trial of this cause as above set out shows, we think, conclusively that he did not believe that the property belonged to his stepmother exclusively, and that he had no interest therein. We think his evidence further shows that he was not misled by anything contained in such letters. He testified that he tried to secure a lawyer to represent him at the trial of the case, and that he was not represented at such trial because he was unable to secure any one to represent him. We are not unmindful of the rule invoked by appellant and sustained by authorities that, if there is any evidence tending to support an issue, such issue should be submitted to the jury for determination, and that it is error for the court to instruct a verdict in such cases. We think that the evidence is not only insufficient to raise an issue of fraud as ground for setting aside the judgment under consideration, but that in some material matters the evidence excludes the existence of such ground. Appellant's contention that the evidence required the submission of this issue is overruled.

[6] Appellant contends that the evidence showed that he exercised ordinary care to secure a lawyer to enter an appearance for him in said case and to contest the claims asserted by appellee therein, and that in any event the evidence raised an issue of fact as to whether he exercised such care, which issue should have been submitted to the jury.

We do not think it necessary to recite the evidence concerning the efforts made by appellant and in his behalf to secure counsel. Neither do we think it necessary to determine whether such evidence showed negligence as a matter of law. It is not sufficient to sustain an action to set aside a judgment that the plaintiff in such action was deprived of counsel at the trial of the case resulting in such judgment without fault or negligence on his part. He must, in addition to meeting other indispensable requirements, show a sufficient excuse for not filing a motion for a new trial at the term at which the judgment was rendered. Appellant makes no attempt to show any excuse for such failure. In the absence of such showing, the extent of his diligence before trial of the original case is immaterial. His contention that the refusal of the court to submit said issue constitutes reversible error is overruled. Cook v. De la Garza, 13 Tex. 431, 444; Goss v. McClaren, 17 Tex. 107, 119, 67 Am. Dec. 646; Caperton v. Wanslow, 18 Tex. 125, 132; Bryorly v. Clark, supra; Owens v. Cage & Crow, 101 Tex. 286, 289, 106 S. W. 880; Kimmel v. Edwards (Tex. Civ. App.) 211 S. W. 284 (writ refused).

[7] Appellant having shown no sufficient ground for setting aside the former judgment in favor of appellee for the home place, the court did not err in instructing a verdict in her favor therefor, and errors in the admission of evidence by which she attempted to maintain her title thereto, independent of her rights under such judgment become immaterial.

[8] The money and notes in controversy in this case were the proceeds of the sale of a farm and a small amount of personal property situated thereon at the time and sold therewith. The farm was deeded to appellee by P. C. and C. C. Williams, joined by their respective wives, for a recited consideration of $6,400 cash, the receipt of which was acknowledged, and the assumption by Mrs. Moore of an indebtedness of $2,200, due the United States Bond & Mortgage Company, and the further assumption of $800 due one Sams. The deed was dated July 10, 1916. There was no recital therein concerning the ownership of the consideration paid therefor, and no provision that the property should belong to the separate estate of the grantee nor that the indebtedness assumed should be paid out of her separate estate. By deed bearing the same date, for a recited consideration of $6,400 cash, Mrs. Ola Moore and husband, J. A. Moore, conveyed to said P. C. and C. C. Williams the south half of lot 9 in block 4 in Gatesville. The said south half of said lot, together with other property, had theretofore, on the 7th of January, 1911, been conveyed by said J. A. Moore to said Ola Moore for a consideration of $1,000, recited to be indebtedness owed by the grantor to the separate estate of the grantee. The deed further recited that the warranty therein contained was given subject to deeds of trust liens then recorded against said property, and none other. It also recited that the property was conveyed to her for her sole and separate use and benefit. Mrs. Moore testified on the trial of this case without objection that the $6,400 cash consideration recited in the deed by which the farm was conveyed to her was not paid in cash, but was paid by the conveyance by her and her husband of the south half of lot 9 in block 4 of Gatesville, together with certain personal property situated in a building thereon and used by her in a restaurant business, together with the supplies on hand at the time.

Mrs. Ola Moore, joined by her husband, by deed dated October 15, 1919, conveyed the farm and said personal property to E. D. Fellers for a recited consideration of $1,000 cash and vendor's lien notes, payable to her, in the sum of $8,000. It seems that this trade was consummated in part after the death of John A. Moore, by Mrs. Moore assigning part of the notes and paying out of the cash received from the vendee and from the assignee of said notes the indebtedness assumed at the time said farm was purchased. She testified also without objection that there was on hand in her possession and under her control as the net proceeds of

such transaction the sum of $1,500 in money and $3,800 in unpaid vendor's lien notes.

Appellee testified concerning the existence of certain liens on the south half of lot 9 when the same was conveyed to her by her husband. She further testified that said liens were discharged in part with money received from her mother's estate and in part with money earned by her running a restaurant in the building thereon, and that there was an understanding between her and her husband that the earnings of the restaurant were to be hers. There is no evidence of the value of the personal property and supplies conveyed with said south half of lot 9 when exchanged for said farm, and no evidence concerning the ownership of such personal property, except as ownership may be inferred from the facts so testified to by her. There is no testimony concerning the value of the personal property included with the farm in the sale thereof. Only a part of such personal property is shown even by appellee's own evidence to have belonged to her separate estate. In this condition of the record the court erred in giving a peremptory charge in her favor as to the proceeds of the farm. She was an interested witness. Her claim that such property belonged to her separate estate is supported in several matters solely by her own testimony. Her credibility as a witness, interested in the result of the suit, and the weight to be given to her testimony under all the facts and circumstances in evidence, were matters for the jury, and the court erred in passing upon them by giving a peremptory instruction in her favor. Pope v. Beauchamp, 110 Tex. 271, 280, 219 S. W. 447; Burleson v. Tinnin (Tex. Civ. App.) 100 S. W. 350 (writ refused); Sonnentheil v. Brewing Co., 172 U. S. 401, 19 Sup. Ct. 233, 43 L. Ed. 492; Turner v. Grobe, 24 Tex. Civ. App. 554, 59 S. W. 583, 585; Atchison, T. & S. F. Ry. Co. v. Lucas (Tex. Civ. App.) 148 S. W. 1149, 1150, 1151.

[9, 10] Appellee was permitted to testify, over the objection of appellant, to various statements by and transactions with her deceased husband. We do not, however, find any bill of exception in the record complaining of the admission of such testimony with reference to the issue involved in this branch of the case. Appellant was suing as heir of appellee's deceased husband, and the limitations imposed by the statute should be observed upon another trial. R. S. art. 3690; Compton v. Skeeters (Tex. Civ. App.) 250 S. W. 201; Walker v. Fields (Tex. Com. App.) 247 S. W. 272, 274, 275; Walls v. Cruse (Tex. Com. App.) 235 S. W. 199, 201.

[11] The violin in issue in this case was admitted by appellee to have belonged to her deceased husband at the time he married her. She claimed a life estate only therein, and the judgment appealed from sustained such claim and awarded her the violin for life, with remainder at her death to appellant. Appellant contends that the will of John A. Moore, by the terms thereof affected the community property only, and that such will was ineffective to vest in appellee any interest in the separate estate of testator. The declaration in the will that the testator's property was community is in a separate paragraph from and precedes the clause disposing of his property. The latter clause, so far as applicable, is as follows:

"I give and will to my wife, Ola Moore, for and during her natural life only, all of my property, real, personal and mixed of which I may die seized and possessed, expressly limiting the same to her, Ola Moore, for and during her natural life."

The error in the declaration as to the nature and extent of his interest in the violin should not, in our opinion, defeat the purpose, clearly expressed in the next paragraph, that his wife should have all his property for and during her natural life. There was no error in instructing a verdict in appellee's favor for a life estate in said violin.

We have examined all the propositions of law urged by appellant in this case, and the same, except as sustained or rendered immaterial by the rulings herein made, are overruled.

[12] We find reversible error in the judgment of the court disposing of the controversy between the parties hereto with reference to the proceeds of the sale of the farm, but no error in the disposition made by said judgment of the other controversies between them. The said controversies being such as could have been asserted and litigated in separate suits, it becomes our duty to affirm the judgment of the trial court in so far as the same awards the home place to appellee, and in so far as the same awards the violin to her for life with the remainder after her death to appellant, and to reverse said judgment in so far as it awards to appellee the proceeds of the farm and to remand said controversy to the district court for another trial. Schuster v. Bauman Jewelry Co., 79 Tex. 179, 184, 15 S. W. 259, 23 Am. St. Rep. 327; Cooper v. Lee, 75 Tex. 114, 12 S. W. 483; M., K. & T. Ry. Co. v. Enos, 92 Tex. 577, 580, 50 S. W. 928.

It is so ordered.