### STOKER et al. v. STOKER et al.*
### (No. 10395.)

(Court of Civil Appeals of Texas. Fort Worth. Feb. 16, 1924.)

**1. Appeal and error ⟨⟩1172(4)—Reversal of judgment as to parcel of land held not to require or authorize reversal as to another parcel not affected by error.**

In an action involving title of land, composed of two parcels title to which was acquired at different times reversal of judgment below for error relating to one parcel does not require or authorize reversal as to other parcel not affected by error.

**2. Appeal and error ⟨⟩1172(4)—Affirmance of judgment concerning title to particular parcel of land held proper though reversal as to adjoining parcel necessary.**

In action to recover south half of section of land, where special exception to portions of petition seeking cancellation and modification of deeds to southeast one-quarter were sustained, and where plaintiffs thereafter introduced no evidence of title to that quarter, held, that judgment for defendants as to such quarter should be affirmed, though reversal was necessary as to other quarter.

**3. Appeal and error ⟨⟩1185—Party held to have invited error in appellate court's opinion so that he could not resist motion to correct it.**

Where plaintiffs in error, complaining of adverse judgment in action to recover south half of section of land, specifically stated that they were not appealing from ruling sustaining exceptions to portion of petition involving title to southeast quarter, held, that error of appellate court, on directing reversal, in failing to limit it to southwest quarter, was invited, and one of which plaintiffs in error could not take advantage on motion of defendants in error for correction of opinion as to southeast quarter.

**4. Attorney and client ⟨⟩70—Authority of counsel to control and direct proceedings ordinarily presumed.**

The authority of leading counsel in a case to control and direct the proceedings must ordinarily be presumed.

**5. Appeal and error ⟨⟩1185—Modification of appellate court's judgment so as to require reversal only in part held warranted.**

In action to recover south half of section of land, where plaintiffs, after an adverse judgment, specifically stated in appellate court that they were not appealing from the ruling sustaining exceptions to portion of petition involving title to southeast quarter, and as to which they had not introduced any evidence, held, that judgment of appellate court not limiting reversal because of error affecting only southwest quarter to that quarter should be modified and reformed so as to constitute it an affirmance as to southeast quarter.

On motion for rehearing.
For former opinion, see 254 S. W. 398.

CONNER, C. J. By reference to our original opinion filed in this case on October 27, 1923, it will be observed that we disposed of the relative rights of the litigants as presented on this appeal to the southwest one-fourth of survey 18, block 8, public free school land in Stephens county, Tex., without any reference to the southeast quarter of said section, in which by the pleadings on the trial below plaintiffs also claimed an interest. Defendants in error now present a motion requesting a construction of our opinion, insisting, in effect, that the judgment of reversal as declared should be limited to the southwest quarter alone. The plaintiffs in error resist the motion, vigorously insisting that the reversal properly applies to both quarter sections.

In considering the motion we have treated it as one in the nature of a motion to correct the opinion and reform the judgment, and as so considered and treated we think the motion must be granted.

It is true, as plaintiffs in error assert, that in the earlier portions of the petition, upon which the trial below proceeded, the claim of plaintiffs in error was distinctly asserted to the entire south one-half of said survey 18. But in other paragraphs of the petition the two quarter surveys were distinctly separated. To illustrate: In the second paragraph of the petition it is alleged that "the southeast one-fourth of survey 18, block 8, was patented to Allen Stoker on November 15, 1880, and was the community property of said Allen Stoker and wife, Nancy Stoker." In the next paragraph it is alleged "that Allen Stoker made an application and became the purchaser of the southwest one-fourth of survey 18, block 8, on February 22, 1882." In the next paragraph plaintiffs asserted ownership of nine-tenths of said southeast

one-fourth "except Y. B. Stoker has heretofore conveyed to C. T. Stoker his interest in his father's estate." It is further alleged in this connection in effect that, if the deed purports to convey the interest inherited from his mother, also that it was a mistake, and he prayed for a reformation of this deed. In another paragraph it is alleged, in substance, that a deed from Nancy Stoker to C. T. Stoker, dated July 7, 1903, to an undivided one-half interest in the southeast one-fourth of survey 18, block 8, appeared to have been recorded August 1, 1903. It was alleged that this deed, if it conveyed anything, was to become effective at the death of Nancy Stoker, and that the consideration set out in the deed that C. T. Stoker should support, maintain, and provide for said Nancy Stoker had failed; and, further, that Nancy Stoker did not execute said instrument of her own free will and accord, but the same was "procured by undue influence and by fraud and false misrepresentations on the part of C. T. Stoker." The circumstances relied upon as showing fraud and failure of consideration were set forth in the pleadings, and the prayer was to have this deed set aside in so far as it affected the interests of the plaintiffs. There were further allegations of the petition to the effect that if C. T. Stoker had permitted interest payments to the state on the southwest quarter to default, and the land to be forfeited, and repurchased in his own name, it was not effective because not made at the proper time, or, if effective, should be held to inure to the benefit of plaintiffs as well as himself. The prayer of the petition is to the effect that said deed made by Nancy Stoker to C. T. Stoker be set aside; that—

"plaintiffs have judgment for nine-tenths of the southwest one-fourth of said survey 18, block 8, including all moneys received therefrom from the oil runs of said land less whatever amount the said C. T. Stoker has spent in paying the interest and taxes on said land, as well as the principal due thereon and that said title, if any, of the said C. T. Stoker as to the said S. W. ¼ of survey 18, other than that derived from Allen Stoker and Nancy Stoker, deceased, be divested out of the said C. T. Stoker as to nine-tenths and vested into these plaintiffs, and for the title and possession thereof," etc.

It will be observed that the southeast one-fourth is not included in this prayer. There is, however, in general terms, a prayer to the plaintiffs' supplemental petition, which was perhaps broad enough to authorize a decree in the plaintiffs' favor for the southeast one-fourth.

The defendants answered by exceptions to the petition, a general denial, a plea of not guilty, a purchase of a part of the land from the state by C. T. Stoker, and the use and occupation of the land claimed in the plaintiffs' petition for the statutory periods of three, five, and ten years. The court sustained the defendants' exceptions to the plaintiffs' petition in so far as it was therein sought to set aside the deed from Nancy Stoker to C. A. Stoker and to reform the deed from Y. B. Stoker to C. T. Stoker. After such rulings the plaintiffs thereupon introduced the evidence set forth in our original opinion which related alone to the southwest one-fourth of survey 18, after which the plaintiffs rested, with the result originally stated. As presented in this court by the briefs of counsel for plaintiffs in error, no complaint was made of the court's ruling on the defendant's exceptions sustained by the court, nor was there complaint that they had not been afforded full opportunity to offer all evidence they desired in aid of their case. The following appears in the brief of defendants in error answering that of plaintiffs in error:

"The plaintiffs in error in their brief are not appealing from the trial court's judgment sustaining defendants' special exceptions of four years' limitation as to the reforming and canceling the deeds above described under 1 and 2, and the understanding between the plaintiffs in error and defendants in error is that plaintiffs in error are not appealing from the trial court's ruling sustaining defendants in error's special exception as to the deeds described under one and two above."

In the submission and argument in this case our attention was called to the above statement, and no contradiction of any of its terms were offered by counsel for plaintiffs in error; on the contrary, the hearing proceeded on the theory in the mind of this court that no reversible error was urged in so far as it related to the southeast one-fourth of survey 18, block 8. It was with such understanding of the purpose of the several parties presenting the case that we proceeded to dispose of it as in our original opinion without reference to the southeast one-fourth of survey 18. Such failure was a mere oversight, which we think should now be corrected.

[1] As already indicated, the south one-half of said survey 18, block 8, as treated in the pleadings, the evidence, the recitations in the court's judgment, and in the briefs and arguments presented to this court on submission, was composed of two separate and distinct parcels of land, the title to which was acquired at different times. And in such cases it is well settled that a reversal of a judgment below for an error relating to one parcel of land will not require or even authorize a reversal of the judgment as to another parcel not affected by error of any kind. In Beer v. Thomas, 13 Tex. Civ. App. 30, 34 S. W. 1011, writ of error refused, it was distinctly held, in substance, that, where a judgment below denied a recovery for several tracts of land, the judgment may

be affirmed as to some of the tracts and reversed and remanded as to other tracts. Of like effect is the case of Chamberlin v. Pybas, 81 Tex. 511, 17 S. W. 50, and Schuster v. Bauman Jewelry Co., 79 Tex. 179, 15 S. W. 259, 23 Am. St. Rep. 327. In the latter case it appears that a recovery was sought of three tracts of land; the wife of plaintiff claimed the three tracts as her separate property, her claim to each parcel being independent of the others. It was held that no error appeared as to one tract, and the judgment below was affirmed, but judgment was reversed as to the other tracts, in which there was error.

[2, 3] It is also apparent, we think, that under the evidence as presented to us there is no reasonable foundation for the insistence that the judgment of the trial court specifically declaring that the plaintiffs take nothing as to the southeast one-fourth of said survey 18 was erroneous; no evidence of title whatever as to this quarter section in the ancestors of plaintiffs in error was offered below or presented to us, and we think it necessarily follows that as to this quarter the judgment below should be affirmed, and that our opinion and judgment should have so declared. Our error in failing to so declare was certainly an invited one, and of which plaintiffs in error cannot now take advantage.

In North Texas Bldg. Co. v. Coleman (Tex. Civ. App.) 58 S. W. 1044, writ refused, it was held that, where plaintiff's attorney stated in open court that he would not claim judgment against one of two defendants, error would not lie on the refusal of the court to enter judgment against that defendant.

[4] We should perhaps further state that counsel for plaintiffs in error who now so vigorously objects to the motion under consideration appeared as counsel in the case only after the appeal was taken from the judgment of the court below. He participated, however, upon the submission, made no denial of the purpose of his co-counsel who tried the case, nor questioned the statement made in the brief of defendants in error that we have quoted, nor was any assignment of error presented or urged that relates to the southeast quarter, and we think his present insistence and his silence at such times must be construed to be at least a contributing cause for this court's action in devoting itself exclusively to the consideration of the questions relating alone to the southwest one-fourth of the section of land in controversy. We think his present insistence comes too late, and that his contentions cannot now be given effect. See Owens v. Cage & Crow, 101 Tex. 286, 106 S. W. 880; Hicks v. Armstrong (Tex. Civ. App.) 142 S. W. 1195. True, he alleges the acquisition of an interest in said southeast quarter, and insists that

evidence of title in the plaintiffs could have been introduced on the trial below, and exhibits in support of this contention what is termed a photographic copy of payments of interest paid by C. T. Stoker in the name of Allen Stoker. As to this we think it sufficient to say that the counsel is in no better position than an intervener or purchaser pendente lite, and that as to such interest, if any, he must accept the case as he finds it. The authority of the leading counsel in a case to control and direct the proceedings therein must ordinarily be presumed, and if they indeed be guilty of any willful misconduct or omission in the performance of their duty to the injury of their clients, it must be established on proper allegations and proof in a court of original jurisdiction, and not here.

[5] We conclude that our original opinion herein should be so construed or reformed as to show that the reversal of the judgment applys only to the southwest one-fourth of section 18, and that our judgment should be so corrected as to show specifically that the judgment of the trial court, to the effect that plaintiffs in error should take nothing as to the southeast one-fourth of said survey, is affirmed, and it is so ordered.