### LASTINGER et al. v. CAUSEY et al.
### (No. 26.)

(Court of Civil Appeals of Texas. Waco. Oct. 23, 1924.)

1. **Trial** ⬤➾139(1)—**Weight of testimony of party for jury.**

Weight of testimony of party is for jury.

2. **Sales** ⬤➾87(3)—**Findings that cattle taken from plaintiff had not been purchased by plaintiff held sustained by evidence.**

In action by purchasers of cattle to recover cattle seized by mortgagee of seller, finding that cattle involved were not covered by transfer to plaintiffs *held* sustained by evidence.

Error from District Court, Falls County; Prentice Oltorf, Judge.

Suit by W. W. Lastinger and another against Henry Causey and another. Judgment for defendants, and plaintiffs bring error. Affirmed.

Spivey, Bartlett & Carter, of Marlin, for plaintiffs in error.

Frank Oltorf, of Marlin, for defendants in error.

GALLAGHER, C. J. This is a suit by W. W. Lastinger and E. G. Lastinger, plaintiffs in error, to recover from Henry Causey and from R. M. Johnson, receiver of the First National Bank of Hearne, defendants in error, the title to and possession of 18 head of cattle. The parties will be designated as in the trial court.

This is a fact case. All the facts material to the disposition of the same in this court will be stated in direct connection. Mr. F. C. Whatley bought in the Fort Worth market 280 head of cattle. The money to purchase the same was borrowed by him from the Citizens' State Bank of Marlin. The debt was evidenced by 3 separate notes, and each of said notes was secured by a chattel mortgage on a separate herd or shipment of said cattle. The bank instructed Mr. Whatley to rebrand all of said cattle 11 on the left side, and he agreed to do so, and he so described said cattle in each of said mortgages. All of said mortgages were promptly filed with the clerk of the county court of Robertson county, where said cattle were to be held by said Whatley. Only one witness testified to the arrival and branding of said cattle, and his testimony accounts for only 3 shipments, covering between 150 and 160 head of the same. According to his testimony, a part of said cattle were branded 11 and a part —X—. Out of one shipment of 50 cattle, 10 head of she-cattle were branded —X—. Out of another shipment, about 21 head were branded —X—. It appears that said 21 head were all steers. All the other cattle in said 3 shipments were branded 11. They were so branded at the direction of Mr. Whatley, and the witness did not know why. Mr. Whatley had 2 pastures, one near Eloise in Falls county, known as his "home pasture," and another about 5 miles from the same in Robertson county, known as the "wild-cat pasture." According to the testimony of said witness, all said 3 shipments of cattle were placed in the wild-cat pasture. This witness also testified that Mr. Whatley had other —X— cattle in his home pasture, but that he did not have anything in the wild-cat pasture but steers and cows shipped from Fort Worth. This statement, however, was general, and the witness did not attempt to distinguish between the time the cattle were placed in said pasture on their receipt and the time they were removed therefrom on delivery, nor was anything shown with reference to the means of knowledge possessed by said witness by which the accuracy of such statement might be measured. Said cattle were purchased on the 16th and 26th days of March, 1920. Mr. Whatley afterward shipped 30 head of said cattle to market, and the proceeds from the sale of the same were credited on his indebtedness to the bank.

Some time about October or November,

1920, plaintiff W. W. Lastinger bought some cattle from Mr. Whatley. The consideration for such purchase was the assumption by him of the amount due the Citizens' State Bank by Mr. Whatley. Mr. Lastinger testified that he made the trade with Mr. Whatley; that the cattle he bought were spoken of by Mr. Whatley as the Fort Worth cattle, paid for with money borrowed by him from the Citizens' State Bank; that Mr. Whatley stated there were originally 280 head of said cattle, but that he had sold 30 head, and only 250 head remained; that Mr. Whatley did not give him any description except the brands; that he told him to get brand 11 cattle, and specified in addition thereto 12 or 15 head of —X— cattle, which he also stated belonged to the Fort Worth bunch and were part of the brand 11 cattle. Mr. Lastinger sent his employees to the wild-cat pasture to get the cattle. They rounded up 213 head the first trip. These cattle were examined in the road by Mr. Whatley and Mr. Lastinger and 3 head of the cattle cut out, leaving 210 received at that time. All these were branded 11 or —X—. Mr. Lastinger testified that he did not know how many —X— cattle there were in the first bunch, or how many he received in all, stating that he had no more idea, with reference to how many he had so received, than defendant's counsel who was examining him at the time. The cattle were placed in plaintiff's pasture near Marlin. About the middle of February following, plaintiff's employees went to the wild-cat pasture and got 13 additional head of cattle; about 7 of the same being steers branded 11, and the remainder being heifers branded —X—. On another trip plaintiff's employees got 3 head of steers, all branded 11, but one of the steers was got from Mr. Whatley's home place. All the cattle received by plaintiffs under said purchase were included in 1 of these 3 bunches.

Mr. Fountain, an officer of the Citizens' State Bank, testified that Mr Whatley promised to brand all the cattle 11 which he bought in the Fort Worth market with money borrowed by him from said bank, and that he did not know that Mr. Whatley had not done so. He spoke of said brand as if it belonged to said bank. With reference to the terms of the trade between Mr. Lastinger and Mr. Whatley, he testified:

"This was absolutely understood that he (Mr. Lastinger) was to take over all cattle in our brand, and assume the note we had. I knew of no other brand except the 11."

He also testified that he wrote the bill of sale from Mr. Whatley to Mr. Lastinger. This bill of sale is dated November 15, 1920, and recites the sale of 250 head of cattle branded 11, being the cattle purchased through said bank. He also testified that said bill of sale was not delivered to Mr. Lastinger until some time after it was exe-

cuted, and the testimony tends to show that the same was not delivered to Mr. Lastinger until he substituted his note for the Whatley note to said bank, which occurred, according to the testimony of said witness, on March 5, 1921. On that day Mr. Lastinger gave a mortgage to secure his note to the bank, in which he described said cattle as:

"215 head of coming 2-3-4 year old steers, various colors and branded 11 on left side, 35 head of coming 2 year old steers, branded 11 on left side, and all located in my pasture 4 miles N. W. of Marlin, Falls county, Tex., and now branded ―――― on right hip, being the same cattle purchased from F. C. Whatley."

Mr. Whatley did not testify.

Some time about October, 1921, defendant Henry Causey, acting for said receiver, came to plaintiff's pasture and claimed all the —X— cattle therein. The basis of said claim was that F. C. Whatley was, during the year 1919, indebted to the First National Bank of Hearne, and had executed to it to secure such indebtedness certain chattel mortgages on certain cattle, various ages, sizes, and colors, all branded —X— and all situated in Falls county, and all other cattle in said county thereafter acquired by said mortgagor. There was no proof of any additional advances or any renewal of the indebtedness so secured after the date of said mortgages. Mr. Whatley had surrendered all his cattle so branded to said bank or its receiver to be applied on his indebtedness thereto.

Plaintiffs did not concede said claim, but assisted said Causey in rounding up and penning all the —X— cattle found in their pasture, amounting in all to 39 head. These cattle said Causey took and drove to Marlin. Mr. Lastinger testified on this trial that he made no claim to some 21 or 22 head of said cattle, but that he did claim the 18 head sued for herein. He followed said cattle to Marlin, filed this suit, and sued out a writ of sequestration therefor. The cattle sued for are described as 10 head of cows and calves and 8 steers, but the only cattle found and seized under the writ of sequestration were two cows and their sucking calves, 6 other head of cows and heifers, and 3 head of steers. All the other cattle taken by said Causey from plaintiff's pastures had been shipped out at the time said writ of sequestration was levied.

The case was tried before a jury and submitted on special issues. In response to such issues, the jury found that the sale from Whatley to Lastinger covered brand 11 cattle only; that none of the —X— cattle delivered by Whatley to Lastinger were any part of the cattle purchased by said Whatley in Fort Worth, but that said —X— cattle so delivered came from the wild-cat pasture. The other findings of the jury are not involved in any question raised before this court.

Judgment was entered in favor of defendants on the verdict so rendered. Plaintiffs have brought said judgment to this court by writ of error for review. Plaintiffs complain of the action of the trial court in refusing to give a peremptory instruction in their favor, and they assail the findings of the jury that the sale from Whatley to Lastinger covered only cattle branded 11, and that none of the —X— cattle delivered by Whatley to Lastinger were any part of the cattle purchased by said Whatley in Fort Worth, on the ground that such findings are without support in the evidence, and contrary to the great preponderance thereof.

[1, 2] Mr. Lastinger was the only witness who testified that he bought from Mr. Whatley any —X— cattle, and, according to his testimony, the cattle in such brand were limited to 12 or 15 head of she-cattle. Mr. Fountain testified that the trade was that Mr. Lastinger was to take over all the cattle in the 11 brand. The bill of sale embraces cattle in the 11 brand only, and the cattle are so described in the mortgage given the bank by Mr. Lastinger in March of the following year. It is true no witness testified that Mr. Whatley did not tell Mr. Lastinger that his purchase included some she-cattle, branded —X—. Mr. Lastinger, however, was a party to the suit and interested in the result thereof. Such being the case, the weight to be given his testimony was a matter for the jury to determine. Moore v. Moore, 259 S. W. 322, 327, and authorities there cited. We cannot say that the finding of the jury on this issue was without support in the evidence, nor that the same is against such an overwhelming preponderance of the evidence as to justify us in setting the same aside.

Plaintiff claimed to be the owner of the cattle sued for, and sought to recover the same on the ground that they constituted a part of the cattle so purchased from Mr. Whatley. No issue except ownership was tendered, and no alternative relief was prayed. If the cattle sued for were not a part of the cattle so purchased, plaintiffs, under their pleadings, could not recover in this action, even had the jury found that such cattle were a part of the cattle purchased in Fort Worth with money borrowed from the bank, the payment of which Mr. Lastinger had assumed. Notwithstanding Mr. Lastinger may have intended to purchase all the Fort Worth cattle, and may have thought he was doing so, still, if, as found by the jury, he bought only cattle branded 11, and if the cattle so branded constituted only a part of such Fort Worth cattle, he did not by such purchase acquire title to the remainder of such Fort Worth cattle not in such brand. The cattle sued for not being in such brand, it is immaterial whether they constituted a part of the Fort Worth cattle or not. We do not wish to be understood as intimating that the evidence tending to show that the cattle sued for, or some of them, were a part of the Fort Worth cattle is of such a conclusive nature that reasonable minds could not differ as to the effect thereof, nor that the same is such as to justify us in setting aside the finding of the jury on that issue. We do not pass on that issue.

The judgment of the trial court is affirmed.

SPIVEY, J., took no part in the decision of this case.